For respondent: Max Levy.

---

Ernest Larence et al.
vs.
John A. Tillinghast et al.
Eq. No. 10301.

July 13, 1931.

BLODGETT, P. J. Heard upon bill, answer and proof.

The bill is brought to enjoin the foreclosure of a mortgage on real estate of complainants and for an accounting.

In June, 1912, the mortgage was executed to secure a note of complainants for $2,300 payable to one James H. Conley. Conley transferred said note and mortgage to one Edward A. Emery. The transfer was not recorded until April 22, 1929. Said Emery deceased and his wife, Elena G. Emery, was duly appointed his executrix.

The respondents are said Elena, John A. Tillinghast as counsel for her, and the Robert L. Walker Company, dealers in real estate, as legal representatives of the estate.

Said executrix caused said note and mortgage to be transferred to her on March 5, 1919, but failed to record said transfer until April 22, 1929.

Up to April, 1929, said Conley collected the interest on said note as the same became due, and also certain payments on the principal, and up to this time complainants supposed Conley to be the holder of said note and mortgage.

April 23, 1929, said Elena, through her attorney, sent the following letter (Complts' Ex. 1) to complainant:

"Providence, R. I.
April 23, 1929."

"Mr. Ernest Larence,
122 Cottage Street
Central Falls, R. I.
Dear Sir:

As you know I am the owner of a mortgage on your property at 122 Cottage street, in the City of Central Falls. According to my record the balance due on the mortgage is $2,275.00 and the interest is payable in June and December. Please advise me if my figures correspond with yours and also the date up to which you claim the interest on the mortgage has been paid.

All payments of interest and

principal must be made to me personally at 168 Hanover street, Providence, R. I.

Very truly yours,

Mrs. Elena G. Emery,

T."

Complainants claim, and it seems to be the fact, that at some time in April, 1929, they first learned Conley was not the holder of the note and mortgage.

The bill prays that this Court take an accounting of the amount due on said note.

Complainants have produced a large number of receipts for payments of interest and some for payments on the principal, signed by J. H. Conley and no attempt is made to impeach his signature.

Complainants' Exhibit B is composed of a sheaf of these receipts, beginning December 2, 1912, to June 1, 1916, showing consecutive payments every six months of $69 for interest. The principal of the mortgage was $2,300 and not $2,275 as by letter of respondent would appear, and the amount of interest paid by complainants was $69, just 3 per cent.

December 2, 1916, appears a receipt for $68.25 for six months' interest and this same amount appears upon the receipts up to and including December 1, 1923.

May 25, 1924, a receipt for $25 on the note was given by Conley and the interest was computed, as shown by the receipts, at $68.25 every six months. A receipt is produced signed by Conley December 1, 1928, for $700 and a receipt signed by Conley for $48 for six months' interest to June 1, 1929.

The accounts are somewhat involved as to the amounts paid in interest but are correct within a few cents.

When it was discovered by respondent that Conley was an embezzler, she placed this transfer on record and it plainly appears to the Court that at that time for the first time complainants knew respondent to be the holder of the mortgage.

Lenders of money have long used this withholding of mortgage transfers from the public records to escape the eagle eyes of the tax assessors.

There seems no reason in the mind of the Court to doubt that December 1, 1928, a payment of $700 on the principal of this mortgage was made to Conley and that Conley was at that time the agent of respondent. Apparently, up to April, 1929, both complainant and respondent trusted in Conley.

It is claimed by respondent that the payment of $700 on the principal of this note, not being a payment in cash, should not be charged against the respondent, as an agent has no authority from the mortgagee to credit any payment, quoting 31 Cyc. 1375.

The payment of $700 was credited on the note by Conley. Conley employed the complainant to paint certain houses belonging to him and the amount of complainants' bill was thus credited. This amount was credited in December, 1928, and there is not the slightest evidence that complainant knew or could have known Conley was not the holder of said mortgage. As far as complainant knew he was dealing with the principal as he had done since 1912.

Mention is made in brief of respondent that complainant must have known Emery held this mortgage since in April, 1929, in response to the letter sent by Mrs. Emery, respondents called on her and spoke of the death of her husband. This is a mere inference.

Attention is further drawn to the ratification by complainants of the striking out the credit of $700 on the principal, by the paying of six months' interest on the full amount claimed.

In view of the failure of respondent to record the mortgage transfer until April, 1929, although her husband died

in 1919, and that complainants are ignorant people and acted without advice of counsel in facing a technical legal question, and that subsequently, upon advice of counsel, they refused to pay the interest demanded, the Court is of the opinion their act was not a ratification.

The Court finds the present principal of the mortgage to be $1,550 and complainants are entitled to the relief claimed.

Decree may be entered accordingly.

For complainants: F. A. Toupin.

For respondents: J. A. Tillinghast.